**UNITED STATES of America,**
**Appellee,**

v.

**Claudius KING, a/k/a "Root",**
**Defendant–Appellant.**

**No. 99–1463.**

United States Court of Appeals,
Second Circuit.

April 10, 2002.

Michael E. Lipson, Garden City, NY, for Appellant.

Laurie A. Korenbaum, Assistant U.S. Attorney, Southern District of New York; Steven R. Peiken, Special Assistant U.S. Attorney, Christine H. Chung, Assistant U.S. Attorney, Southern District of New York, Loretta E. Lynch, U.S. Attorney, Eastern District of New York, on the brief, for Appellee.

Present CABRANES, STRAUB and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Defendant Claudius King appeals from a judgment of conviction entered on July 26, 1999, following a one-week jury trial.

King was originally indicted in the Southern District of New York on February 6, 1996, pursuant to the government's belief that he was involved in a drug ring based in the Bronx and Manhattan. After the indictment was returned, the government discovered that King was not in that drug ring, and thus informed King and his co-defendants that it intended to dismiss the indictment in the Southern District of New York and seek an indictment in the Eastern District of New York. Around the same time, King independently moved to dismiss the Southern District of New York indictment for improper venue. On October 7, 1996, the District Court in the Southern District of New York (Denny Chin, *Judge*) granted the government's motion for an order of *nolle prosequi*.

King was indicted on September 16, 1996, in the Eastern District of New York. Three counts of a nine-count, multi-defendant indictment charged that King: (1) "[i]n or about and between November 1994 and January 24, 1996 ... did knowingly and intentionally conspire to distribute and possess with intent to distribute cocaine base ... in violation of 21 U.S.C. § 841(a)(1) (21 U.S.C. §§ 846 and 841(b)(1)(A))" (Count One); (2) "[o]n or about January 31, 1995 ... did knowingly and intentionally distribute and possess with intent to distribute cocaine base ... (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii))" (Count Five); (3) "[o]n or about October 13, 1995 ... did knowingly and intentionally distribute and possess with intent to distribute cocaine base ... (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii))" (Count Six).

At trial, the government introduced evidence of King's activities distributing co-

caine base, including tape-recorded sales of cocaine base to government informants and testimony by co-operating witnesses who had sold cocaine base for King. In addition, the government introduced stipulations on King's part that substances he sold to government informants or that were seized by the government were cocaine base. In total, King stipulated that forensic experts would testify that 266.7 grams of drugs were tested and identified as cocaine base and that those drugs were, according to the Government, seized from him. King neither testified nor called any witnesses at trial.

The jury convicted King on all three counts. At sentencing, the District Court found, by a preponderance of the evidence, that King was responsible for the distribution of at least one and one-half kilograms of cocaine base. In determining King's sentence pursuant to the Sentencing Guidelines, the District Court began with a base offense level of 38 and adjusted upward by four levels based on King's leadership role. Combined with King's Criminal History Category of VI, the District Court found the applicable Sentencing Guidelines range to be 360 months' to life imprisonment. The District Court imposed a sentence of, *inter alia*, three consecutive 360–month terms.

In the instant appeal, King argues that his sentence violates the teachings of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because drug quantity was neither charged in his indictment nor submitted to the jury; instead, the District Court determined, by a mere preponderance of the evidence, the quantity of drugs involved in his crime. We find that any arguable *Apprendi* error in this case was harmless.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. Following the teachings of *Apprendi*, we have held that drug quantity is an element of an offense pursuant to 21 U.S.C. § 841 and, therefore, it is error for a court to enhance a defendant's sentence above a "statutory maximum" based on drug quantity if the government has not charged drug quantity in the indictment and proved it to a jury beyond a reasonable doubt. *See United States v. Thomas*, 274 F.3d 655, 663 (2d Cir.2001) (*en banc*). In the absence of any specified or proven drug quantity, the "statutory maximum" under 21 U.S.C. § 841 for crack cocaine is twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Accordingly, it was error for the District Court to sentence King to a concurrent sentence of, *inter alia*, imprisonment for thirty years based on its own findings that his crimes involved at least one and a half kilograms of cocaine base.

Because King was convicted of three narcotics offenses, however—each with a statutory maximum of twenty years, *see* 21 U.S.C. § 841(b)(1)(C)—the error was harmless. We recently held in *United States v. McLean*, 287 F.3d 127 (2d Cir. 2002), that an *Apprendi* error is harmless where, in the absence of the error, the defendant would have received the same sentence by application of the "stacking" provisions of U.S.S.G. § 5G1.2(d). 287 F.3d at 134–35. In this case—as in *McLean*—the District Court determined an appropriate term of imprisonment under the Guidelines that exceeded the "statutory maximum" for each count of conviction. Accordingly, it was required by section 5G1.2(d) to impose *consecutive* terms of imprisonment for King's three counts of conviction such that the sentence included a total term of imprisonment equal to the

Guidelines calculation. Because such a sentence could have been imposed without the term of imprisonment for any individual count exceeding the statutory maximum of twenty years, the error in King's sentence was harmless. *See id.* at 136–37.

King also argues on appeal that comments made by the prosecution during summation deprived him of a fair trial, and that the District Court in the Southern District of New York abused its discretion in granting the government leave to dismiss the original indictment in this case. We have considered these arguments and find them to be without merit.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.