**UNITED STATES of America, Appellee,**

v.

**Samuel COLON, Defendant–Appellant,**

**Carmello Idelfonso and Robert Brent, Defendants.**

**Docket No. 00–1461.**

United States Court of Appeals, Second Circuit.

April 24, 2002.

---

Laurie S. Hershey, Garden City, NY, for Appellant.

Emily Berger, Assistant United States Attorney, Brooklyn, NY; Michelle J. De-long, Assistant United States Attorney, on the brief, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, for Appellee.

Present CABRANES, F.I. PARKER and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Eastern District of New York (Sterling Johnson, Jr., *Judge* ), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Defendant Samuel Colon appeals from a judgment of conviction entered by the United States District Court for the Eastern District of New York (Johnson, *J.*). On February 19, 1998, defendant pled guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846, and one count of distribution of heroin, in violation of 21 U.S.C. § 841. The indictment did not include any charge of drug quantity, nor did defendant allocute to any quantity in his guilty plea. Following a *Fatico* hearing, the district court adopted the drug quantity recommendations in the Presentence Report and, in addition, imposed a four-level offense enhancement under U.S.S.G. § 3B1.1 for defendant's "supervisory" role. On October 29, 1999, the district court entered judgment sentencing defendant principally to 324 months on the conspiracy count and 240 months on the distribution count, the two sentences to run concurrently.

On a previous appeal to this Court, we affirmed the district court's findings of drug quantity, but we found that the district court had not clearly stated that it was finding defendant to be a "leader or organizer" so as to support a four-level enhancement under U.S.S.G. § 3B1.1. *United States v. Colon*, No. 99–1653, 213 F.3d 627 (Table), 2000 WL 637079 (2d Cir. May 17, 2000). We therefore remanded for the district court to clarify its finding. On June 12, 2000, the district court held a

hearing at which it clarified that it found defendant to be a leader, and again imposed the four-level enhancement. On June 21, 2000, the district court re-entered judgment, sentencing defendant as before, and this appeal followed.

On appeal, defendant argues principally that his sentence of 324 months on the conspiracy count is now invalid under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which was announced a few days after the judgment below was entered, because drug quantity was neither charged in the indictment nor proven beyond a reasonable doubt. *See United States v. Thomas*, 274 F.3d 655, 660 (2d Cir.2001) (*en banc*) (where no quantity charged in indictment, sentence for cocaine conviction under § 841 may not exceed statutory maximum of 240 months under § 841(b)(1)(C)). However, any error that may inhere in the sentence of 324 months for the conspiracy count did not affect defendant's substantial rights, because *Apprendi* does not affect the district court's determination that, based on its drug quantity findings, 324 months was the appropriate sentence under the Sentencing Guidelines, *see United States v. White*, 240 F.3d 127, 136 (2d Cir.2001), and the "stacking" provisions of U.S.S.G. § 5G1.2 would dictate that the district court run the sentences for the two counts consecutively as far as necessary to achieve the same total term of imprisonment. *See United States v. Outen*, 286 F.3d 622, 638 (2d Cir.2002); *United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002).

With respect to the four-level enhancement imposed by the district court for defendant's role as a "leader" of the organization, we find no clear error in the facts as found by the district court during the initial sentencing and clarified by the district court on remand. Further, we find

that these facts satisfy the requirements for imposing a four-level enhancement under U.S.S.G. § 3B1.1. We therefore affirm the judgment of the district court.