**Dirk LADSON, also known as Eugene M. Martin, Petitioner–Appellant,**

v.

**John NASH, Warden of FCI Ray Brook Respondent–Appellee.**

**Docket No. 02–2287.**

United States Court of Appeals, Second Circuit.

Dec. 6, 2002.

Dirk Ladson, for Appellant, pro se.

Charles E. Roberts, Assistant United States Attorney (Joseph A. Pavone, United States Attorney for the Northern District of New York, on the brief), Syracuse, NY, for Appellee.

Present: WALKER, Jr., Chief Judge, LEVAL, and CALABRESI, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Petitioner-appellant Dirk Ladson appeals from the April 10, 2002 dismissal of his 28 U.S.C. § 2241 motion by the district court on the basis that his claims could be brought only under 28 U.S.C. § 2255 and that he was time-barred from raising his claims under § 2255. On appeal, Ladson argues that the district court should not have considered the government's motion to dismiss a § 2241 motion and that his § 2241 motion should not have been dismissed because a 28 U.S.C. § 2255 motion would have been inadequate and ineffective to address his *Apprendi* claims. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

This Circuit has not yet resolved whether *Apprendi* claims, which could be interpreted as claims of actual innocence, can be brought under 28 U.S.C. § 2241 when a § 2255 motion is time-barred. *See Love v. Menifee*, 2001 U.S. App. Lexis 27421 (2d Cir. Dec. 21, 2001) (ordering assignment of counsel to determine whether § 2241 is available for *Apprendi* claims when § 2255 motion is not available). We need not resolve this procedural question, however, because petitioner's *Apprendi* claim fails on the merits.

Ladson was convicted by jury trail in 1995 of (1) conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and (2) possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). *United States v. Martin*, No. 95–1577, 1996 WL 73363, at *1 (1st Cir. Feb. 21, 1996). At sentencing, the judge independently determined drug quantity and sentenced Ladson to 245 months. [Ex.A5] Ladson argues that this violates *Apprendi* because 245 months exceeds the statutory maximum of 240 months for possession of or conspiracy to possess an indeterminate quantity of cocaine. *See* 21 U.S.C. §§ 841(b)(1)(C), 846.

Because petitioner did not raise the *Apprendi* issue on direct appeal, he must "show that there was cause for failing to raise the issue, and prejudice resulting therefrom." *United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir.1995). Ladson fails to meet this standard because there was no prejudice. Under *United States v. McLean*, an *Apprendi* error is harmless if the defendant was convicted of multiple counts that would be applied consecutively under U.S.S.G. § 5G1.2(d). *McLean*, 287 F.3d 127, 136 (2d Cir.2002). Ladson was convicted of two counts: possession and conspiracy to possess. Because Ladson's sentence of 245 months is greater than the 240–month statutory maximum of either count, U.S.S.G. § 5G1.2(d) requires that the sentences for each count run consecutively in order to reach the total 245–month sentence. Ladson's sentence would be therefore have been the same if he had raised the argument below and thus the *Apprendi* error was harmless. *See Id.*

Ladson also argues that he was deprived of his Sixth Amendment right to effective assistance of counsel because his attorney failed to make an *Apprendi* argument on direct appeal. [Ex.A20] Because we have found that Ladson's *Apprendi* claim lacks merit, his ineffective assistance of counsel claim also fails because he cannot show that he was prejudiced by counsel's failure to make an *Apprendi* argument. *See Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**