**UNITED STATES of America,**
**Appellee,**

**v.**

**Roberto CASTILLO, Fatima Gonzales, Rafalina Rivera, Feliz Polanco–Rodriguez, Leonal Deleon–Parades, Elizabeth Polanco, Osiris Sosa, Rafael Rincon, also known as Toco Toco, Yonny Mercedes, also known as La Central and Julian Gonzalez, Defendants,**

Victor Grullon and Christian Velez,[1] Defendants–Appellants.

Docket No. 02–1221.

United States Court of Appeals, Second Circuit.

June 23, 2003.

Ellen B. Resnick, New York, NY, for Appellant.

Mark F. Mendelsohn, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Michael S. Kim, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

PRESENT: SACK, SOTOMAYOR, Circuit Judges, and DANIELS,[2] District Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 23rd day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

---

1. Defendant–Appellant Christian Velez withdrew his notice of appeal on October 23, 2002, and his appeal was dismissed pursuant to Federal Rules of Appellate Procedure Rule 42.

2. of the United States District Court for the Southern District of New York, sitting by designation.

Following a jury trial, Defendant–Appellant Victor Grullon was found guilty of (1) participating in a conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846; (2) aiding and abetting the distribution of, and possession with intent to distribute, crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2; (3) the same with regard to cocaine; and (4) illegally reentering the United States after having been deported subsequent to conviction for an aggravated felony in violation of 18 U.S.C. § 1326(a) and (b)(2). At sentencing the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*) determined the drug quantity to be more than 150 kilograms of powder cocaine and one and a half kilograms of crack cocaine, and therefore assigned a based offense level of 38 pursuant to United States Sentencing Guidelines § 2D1.1(c).

On appeal, Grullon argues that the district court's determination of the drug quantity was clearly erroneous. For the reasons given below we conclude that the district court's determination was established by a preponderance of the evidence and was not clearly erroneous. *See United States v. McLean*, 287 F.3d 127, 133 (2d Cir.2002).

In determining drug quantity, "a court is entitled to consider all transactions engaged in by [a defendant] or by his coconspirators ... if the transactions were either known to him or reasonably foreseeable to him." *United States v. Richards*, 302 F.3d 58, 70 (2d Cir.2002) (citation and internal quotation marks omitted). There was significant evidence presented at trial of transactions of Grullon's co-conspirators that would support the district court's finding and that Grullon either knew of or were reasonably foreseeable to him. The district court specifically relied on the testimony of co-conspirator and cooperating witness Christian Velez whom the district court paraphrased as having testified to having "sold as much as one and a half kilograms of crack cocaine and half a kilogram of powder cocaine, per day." The district court also relied on the testimony of co-conspirator and cooperating witness Roberto Brinez who stated that Grullon participated in the conspiracy for one and a half years. The district court determined that, given the time frame and the amount of drugs sold by the conspiracy on a daily basis, the defendant was accountable for 150 kilograms of powder cocaine and more than one and a half kilograms of crack cocaine.

Grullon argues that the district court misunderstood Velez's statement to mean that he sold one and a half kilograms of crack cocaine on a daily basis. It is clear from the district court's paraphrasing of Velez's testimony that she understood him correctly. Velez's testimony provides sufficient evidence that the defendant was accountable for over one and a half kilograms over the one and a half years Brinez testified that Grullon participated in the conspiracy.

Grullon further argues, without citing any supporting precedent, that the district court was not entitled to credit Velez's and Brinez's testimony regarding the drug quantity because she did not credit their testimony regarding Grullon's alleged leadership role in their drug organization. We are aware of no precedent that so limits the district court's ability to parse witnesses' testimony.

Finally, Grullon argues, for the first time on appeal, that the district court plainly erred in failing to consider that Grullon's co-conspirators' transactions were not foreseeable to him because of his impaired mental condition. The court ordered three different psychiatric evalua-

tions of Grullon, two to determine his competence to stand trial, and a third to assess the likelihood that he had played a leadership role in the drug organization. None of these evaluations lends any support to Grullon's assertion that his co-conspirators' transactions were not foreseeable to him, and the district court therefore did not err in failing to consider these evaluations.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.