UNITED STATES of America,
Appellee,

v.

Cynthia A. NALL, Defendant,

Nancy Jean Thompson, Defendant–
Appellant.

No. 03–1095.

United States Court of Appeals,
Second Circuit.

Oct. 17, 2003.

Barbara D. Cottrell, Assistant United States Attorney, (Miroslav Lovric, Assistant United States Attorney), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Albany, NY, for Appellee the United States, of counsel.

Randy Sue Pollock, Oakland, CA, for Defendant–Appellant Nancy Thompson.

Present: FEINBERG, KATZMANN, and RAGGI, Circuit Judges.

### Summary Order

The Defendant–Appellant, Nancy Jean Thompson, appeals the District Court's determination that the applicable total offense level in her case is thirty-four. The District Court reached this conclusion by finding that Thompson was responsible for distributing or attempting to distribute 8,000 pounds of marijuana, including approximately 1,800 pounds included in the offense of conviction, and another 6,200 pounds included as part of the "relevant conduct" the District Court was required to consider in reaching the appropriate sentence. U.S.S.G. § 1B1.3.

The District Court's relevant conduct finding rested primarily on testimony offered at a related forfeiture hearing, including testimony by Thompson's cooperating co-defendant, Cynthia Nall, to the effect that Thompson had claimed to have sold marijuana previously in lots as large as six and seven thousand pounds. Thompson does not dispute that this testimony, if accepted as true, would establish that the previous marijuana sales were part of the same "course of conduct" as the offense of conviction, and therefore was properly considered by the District Court. *See* U.S.S.G. § 1B1.3(a)(2).

Thompson instead contends that Nall's testimony at the forfeiture hearing was not "specific evidence" of the kind we have required as proof of relevant conduct in cases in which the relevant conduct would make a significant difference in the defendant's sentence. *See United States v. Shonubi,* 103 F.3d 1085, 1089–90 (2d Cir.1997). She appears to argue first that our "specific evidence" requirement demands that testifying witnesses have personal knowledge of the relevant drug quantities. While it is true that we have said that a witness who possesses such knowledge undoubtedly could offer testimony that would meet the requirement, *see United States v. Moreno,* 181 F.3d 206, 214 n. 3 (2d Cir. 1999), we have never intimated that such direct knowledge is a *sine qua non* of acceptable proof of relevant conduct. Indeed, we said in *Shonubi* that "specific evidence" can include "drug records, admissions, or live testimony." 103 F.3d at 1089. Nall's testimony did no more than report her own personal knowledge of Thompson's admission.

Similarly, to the extent that Thompson argues that "specific evidence" cannot include hearsay, her argument is of no assistance in this case. Even assuming Thompson is correct on that point, Nall's description of Thompson's statements, offered against Thompson, is not hearsay. *See* Fed.R.Evid. § 801(d)(2)(A). Nor does the fact that Thompson's admission comes to the court only through the potentially unreliable testimony of Nall provide a basis for disturbing the District Court's findings. Thompson's counsel ably argued to the District Court that the circumstances of Nall's testimony were not such as would generate faith in its truthfulness, and the District Court rejected that contention. That decision was not clearly erroneous. *See, e.g., United States v. Hamilton,* 334 F.3d 170, 188 (2d Cir.2003). We have previously accepted the "uncorroborated" tes-

timony of "an admitted drug dealer eager to please the Government" as sufficient "specific evidence" upon which a District Court may base its sentencing determinations. *United States v. McLean,* 287 F.3d 127, 133 (2d Cir.2002).

Finally, Thompson argues that she was deprived of a meaningful opportunity to cross-examine Nall, because the District Court stated at the outset of the forfeiture hearing that it was not taking testimony for the purposes of determining relevant conduct. The District Court did, however, provide Thompson with an opportunity for cross-examination, which Thompson declined. Certainly Nall's testimony at the forfeiture hearing was adverse to Thompson's interests, such that even if one could reasonably have taken the District Court's statement as ruling out the possibility that it would later use Nall's testimony to establish Thompson's relevant conduct, Thompson still had ample reason to cross-examine Nall. Therefore, we have no basis in the record itself for finding that Thompson elected not to cross-examine Nall for anything other than strategic reasons.

For the reasons stated above, the judgment of the District Court is hereby Affirmed.