UNITED STATES OF AMERICA,
Appellee,

v.

Desmond BURNS,\* James Johnson, and Ozem Thomas, Defendants–Appellants.

No. 04–3081, 04–4960, 04–5054.

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

---

\* We addressed the appeal of defendant Desmond Burns, No. 04–3081, in a separate order issued January 11, 2006, in which we remanded to the District Court to clarify on the record the status of the charges to which Burns did not plead guilty.

Todd Harrison, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Jo Ann M. Navickas, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Susan G. Kellman, Law Offices of Susan G. Kellman (Vida M. Alvy, Alvy & Jacobson, New York, NY, on the brief), Brooklyn, NY, for Ozem Thomas, Defendant.

Roland R. Acevedo, Seiff Kretz & Abercrombie, New York, NY, for James Johnson, Defendant.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgments of conviction be and hereby are **AFFIRMED**, and the cause is **REMAND-ED** for consideration whether to resentence defendants.

Defendants-appellants Ozem Thomas ("Thomas") and James Johnson ("Johnson") appeal from the judgments entered July 29, 2004 by the United States District

Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*) after a jury convicted defendants of, *inter alia,* conspiracy to commit Hobbs Act robberies and murder in the course of a robbery.[1] The District Court sentenced Thomas to a term of life imprisonment plus 540 months, five years' supervised release, restitution in the amount of $79,500 (to be paid in monthly installments of $50), and a $1300 special assessment. Johnson received a sentence of life imprisonment plus 300 months, five years' supervised release, restitution in the amount of $79,500, and a $400 special assessment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Thomas maintains that (1) the admission by stipulation of a co-conspirator's guilty plea at trial violated his rights under the Confrontation Clause, as enunciated in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); (2) he was unduly prejudiced by the admission into evidence of certain Department of Motor Vehicles records, even though the District Court issued a curative instruction and the parties entered into a joint stipulation regarding that evidence following the Government's summation; (3) the Government failed to meet its burden of proving an effect on interstate commerce regarding two of the Hobbs Act robberies and an attendant firearms charge; (4) the admission of "other acts" evidence regarding past robberies committed by Thomas with Desmond Burns was more prejudicial than probative under Federal Rule of Evidence 404(b); and (5)

the District Court failed to apportion a reasonable restitution payment schedule in sentencing Thomas.

Defendant Johnson joins in each of Thomas's claims, except for the claim regarding Thomas's restitution payment schedule, and Johnson argues, in addition, that his conviction should be reversed because (1) he was prejudiced by a variance between the single conspiracy charged in the indictment and the multiple conspiracies allegedly proven at trial; (2) the Government failed to provide sufficient evidence that the robbery of the New Clarkson Luncheonette had an effect on interstate commerce; (3) the general verdict reached by the jury on the homicide count deprived Johnson of due process because the jury's verdict, according to Johnson, deprived the District Court of information regarding his state of mind and thus allegedly precluded the District Court from granting a downward departure pursuant to U.S.S.G. § 2A1.1; and (4) the District Court's sentence, as well as the Government's position at sentencing, reflected judicial and prosecutorial vindictiveness. Thomas joins in each of Johnson's claims as well.

■ Based on our independent assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that each of defendants' claims are without merit. We address here two of defendants' most significant arguments. First, even assuming that the stipulation regarding Karzekel Thomas's guilty plea to the Hobbs Act conspiracy was in fact a "testimonial" statement un-

1. Specifically, Thomas was convicted of conspiracy to commit Hobbs Act robberies in violation of 18 U.S.C. § 1951 (Count One); Hobbs Act robberies in violation of 18 U.S.C. § 1951 (Counts Two, Five, and Nine); weapons offenses related to the robbery counts in violation of 18 U.S.C. §§ 924(c)(1), 924(h), 922(x)(1)(A), and 924(a)(6)(B)(ii) (Counts

Three, Four, Six, Seven, Eight, Ten, and Twelve); being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g) (Count Thirteen); and murder in the course of a robbery in violation of 18 U.S.C. § 924(j)(1) (Count Eleven). Johnson was convicted of the crimes charged in Counts One, Nine, Ten, and Eleven.

der *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004),[2] the other evidence presented at trial—which included the testimony of Desmond Burns, Jeffrey Bosch, and Khasim Marcelle and significant corroborating evidence supporting the Government's theory of the case—was wholly sufficient to demonstrate the existence of the charged conspiracy independent of the stipulation at issue. We conclude, therefore, that any error in the admission of the Karzekel Thomas stipulation did not affect defendants' "substantial rights" under a standard of either plain error or "modified" plain error. *See United States v. McLean,* 287 F.3d 127, 135 n. 6 (2d Cir.2002) (declining to address "continuing vitality" of "modified plain error" standard where the Government would have prevailed under either rule).

■ Second, Johnson's claim that the evidence presented at trial was at variance with the single conspiracy charged in the indictment is belied by the common goals, methods, and participants evident in each of the charged robberies. *See United States v. Johansen,* 56 F.3d 347, 351 (2d Cir.1995). Not only did Johnson participate in at least five robberies during the time period charged in the indictment, between December 1997 and February 1998, he did so while as a member of "Criminals Getting Paid," the local gang from which Ozem Thomas, the central figure behind each of the charged robberies, drew the bulk of his rotating cast of participants. Although the robberies in question were by no means identical in every material respect, we conclude that the jury here could reasonably have found the presence of a single conspiracy based on the evidence presented at trial.[3] *See United States v. Cambindo Valencia,* 609 F.2d 603, 625 (2d Cir.1979) ("[A] single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis in its locale of operations.").

\*    \*    \*    \*    \*    \*

■ We have carefully considered all of defendants' arguments and find each of them to be without merit. Accordingly, for the reasons stated above, the judgments of conviction of defendants Thomas and Johnson are **AFFIRMED**, and the cause is **REMANDED** to the District Court so that it may consider whether to resentence defendants in accordance with *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

2. We need not address here whether a distinction should be made, for purposes of the Confrontation Clause, between the admission of a stipulation demonstrating the *fact* of a coconspirator's guilty plea and the admission of a guilty plea *allocution.* Cf. *United States v. McClain,* 377 F.3d 219, 221–22 (2d Cir.2004) (concluding that "it is clear that a plea allocution constitutes testimony, as it is formally given in court, under oath, and in response to questions by the court or the prosecutor").

3. We note that, even if there was in fact a variance between the single conspiracy charged in the indictment and the evidence presented at trial, defendant has failed to establish that he suffered prejudice with respect to any of his convictions from the alleged proof of multiple conspiracies, inasmuch as Johnson's unchallenged participation in at least five robberies during the relevant time period, as well as other evidence, would have overcome any prejudicial impact resulting from the admission of evidence regarding the robberies of Fast Car Sales and the illegal gambling business located near East 51st Street and Snyder Avenue, as well as the attempted robbery of Blue and White Auto Sales. *See United States v. Geibel,* 369 F.3d 682, 693 (2d Cir.2004).