UNITED STATES of America,
Appellee,

v.

Alex A. LUNA, Defendant–Appellant.

No. 07–1486–cr.

United States Court of Appeals,
Second Circuit.

June 23, 2009.

Joseph W. Martini, Wiggin and Dana LLP, New Haven, CT, for Appellant.

Harold H. Chen, William J. Nardini, Assistant United States Attorneys, for Nora R. Dannehy, Acting United States Attorney for the District of Connecticut, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Alex A. Luna appeals from a judgment of conviction entered by the District Court of Connecticut on April 5, 2007. Luna was charged with leading a large-scale cocaine distribution organization in Danbury, Connecticut from 1998 to 2005. On March 14, 2006, Luna pleaded guilty to three counts: (1) conspiring to possess with intent to distribute and to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1), and 846; (2) possessing with intent to distribute and distributing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Luna entered his plea without an agreement and did not stipulate to a specific quantity of cocaine.

The Presentencing Report prepared by the Probation Office concluded that Luna's offense involved 130 kilograms of cocaine, resulting in a base offense level of 36. Luna challenged that conclusion on the ground that it was not supported by the record. The district court held sentencing hearings on January 26 and April 3, 2007 to resolve disputed factual issues. At the hearings, Luna argued (*inter alia*) that he sold less than 50 kilograms of drugs, and that a downward departure was warranted in light of his family history and difficult childhood. The district court concluded that Luna was responsible for 65 to 95 kilograms of cocaine, a calculation which resulted in a base offense level of 36 and a Guidelines range of 30 years to life imprisonment. With respect to the downward departure for his family history, the district judge rejected the argument, stating, "I don't buy it frankly." Luna was sentenced to 30 years' imprisonment.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Luna contends that: (i) the district court failed to make the findings required to hold Luna responsible for 65 kilograms of cocaine when that amount derives from the activity of co-conspirators; (2) the district court failed to make specific findings to support its conclusion that Luna distributed 65 kilograms of cocaine; and (3) the 30–year sentence was procedurally and substantively unreasonable.

"The quantity of drugs attributable to a defendant at the time of sentencing is a question of fact for the district court, subject to a clearly erroneous standard of review." *United States v. Hazut*, 140 F.3d 187, 190 (2d Cir.1998). "If, in the absence of a drug seizure, a district court must estimate the amount of drugs involved in a crime for sentencing purposes, that estimation need be established only by a preponderance of the evidence." *United States v. McLean*, 287 F.3d 127, 133 (2d Cir.2002) (quotations omitted). "In making that estimation, a sentencing court may rely on any information it knows about, including evidence that would not be admissible at trial, as long as it is relying on specific evidence—*e.g.,* drug records, admissions or live testimony." *Id.* (quotations and citations omitted).

When a district court must estimate the amount of drugs attributable to a defendant in a drug conspiracy, a defendant "may be held responsible for all reasonably foreseeable acts of others in furtherance of the conspiracy," including the amount of drugs distributed by co-conspirators. *United States v. Snow*, 462 F.3d 55, 72 (2d Cir.2006). "[T]he question is whether the conspiracy-wide quantity was within the scope of the criminal activity the defendant agreed to and whether the activity in question was foreseeable to the defendant." *Id.*

Luna argues the district court (i) held Luna responsible for the activity of co-conspirators without making findings as to whether the 65 kilograms was within the scope of the criminal agreement or foreseeable to Luna; and (ii) otherwise failed to make sufficiently specific findings as to the calculation of amount.

The district court's calculation was not clearly erroneous nor were its findings insufficient. It was found that Luna was "organizing or leading the Danbury [drug]

distribution," a finding based in part on trial testimony from several co-defendants who stated they were "working for [Luna]," went to Luna's house "almost ... everyday" to drop off money and pick up drugs, and provided Luna with written records of the amount of drugs sold and money received. Once Luna was determined to be the leader of the conspiracy, the aggregate amount distributed by the conspiracy was attributed to him. *See Snow,* 462 F.3d at 72. As to the amount itself, five co-conspirators stipulated in plea colloquies to distributing at least 50 to 150 kilograms of cocaine. We see no error with the district court's findings and its determination that Luna was responsible for at least 65 kilograms of cocaine.

■ Luna argues that the 30–year sentence was procedurally and substantively unreasonable because the district court did not consider all of the § 3553(a) factors and because the sentence was greater than necessary. We review Luna's sentence for reasonableness.

"Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006). Rather, "the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions." *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); *see also Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007) ("appellate 'reasonableness' review merely asks whether the trial court abused its discretion"). This abuse-of-discretion standard applies whether the sentence imposed falls "inside or outside the Guidelines range." *Gall,* 128 S.Ct. at 596. *Id.*

■ The district court did not abuse its discretion. Luna contends that the district court "refused" to apply all of the § 3553(a) factors when imposing sentence.

The district judge explicitly acknowledged that "I'm required by law to consider quite a number of factors when deciding how to sentence you. They are set forth in the statute called 18 U.S.C. [§ ] 3553(a), and they include a number of things." The judge proceeded to recite the factors and offer in-depth analyses of several, including the nature of the offense and the purposes of sentencing. At the conclusion of this review, the district judge stated that it would not "touch on the other 3553(a) factors" because those "mentioned are the ... most significant in my thinking about your sentence today." Given the district court's thorough recitation and review of the § 3553(a) factors, the sentence is procedurally reasonable.

Luna also argues that his 30–year sentence is substantively unreasonable given his difficult childhood and family circumstances. This argument is also without merit. The district court conducted two sentencing hearings and considered Luna's personal history and his upbringing; after this thorough review, the court considered Luna's lenience argument, but stated, "I understand that argument. I don't buy it frankly." The judge proceeded to impose a sentence at the lowest end of the applicable Guidelines range. We see no abuse of discretion and refuse to "substitut[e] ... our judgment for that of the sentencing judge." *Fernandez,* 443 F.3d at 27. Luna's sentence is not substantively unreasonable.

For the reasons set forth above, we hereby **AFFIRM** the judgment of the district court.