12-1780-cr
United States v. Chisolm

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16ᵗʰ day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             -v-                                          12-1780-cr

JERRY FIGUEROA, AKA Nep, JASON KING, AKA J,
PERRY FUNCHESS, AKA Pierre, AKA P, KALA JONES,
AKA K, AKA LA, DESHAWN MILES, AKA Now Later,
HASAN NIXON, AKA Hakeem, AKA Hi, HECTOR
SANTANA, AKA Biggie,

                     *Defendants*,

SHAKA CHISOLM, AKA BJ,

                     *Defendant-Appellant*.

_____

Appearing for Appellee:     Berit W. Berger, Assistant United States Attorney (Loretta E.
                            Lynch, United States Attorney for the Eastern District of New
                            York, Emily E. Berger, Assistant United States Attorney, *on the
                            brief*), Brooklyn, NY

Appearing for Appellant:     Azra Feldman, Feldman & Feldman, Uniondale, NY

Appeal from the United States District Court for the Eastern District of New York  (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Shaka Chisolm appeals from the district court's judgment entered on April 19, 2012.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the denial of a motion for a mistrial for abuse of discretion." *United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010).  "Whether a prosecutor's improper statement during summation results in a denial of due process depends upon whether the improper statement causes substantial prejudice to the defendant."  *United States v. Rodriguez*, 968 F.2d 130, 142 (2d Cir. 1992) (internal citation omitted).  This Court has stated that "it is a 'rare case'" in which improper summation comments by the prosecution will be so prejudicial as to warrant a new trial.  *Id.*

Here, we find no error with the district court denying a new trial where the prosecutor's comments did not amount to egregious misconduct but only responded to what the government understandably believed to be a framing argument by the defense.  *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir. 1999) ("Remarks of the prosecutor in summation do not amount to a denial of due process unless they constitute 'egregious misconduct.'").  Chisolm also fails to show how, amidst the other evidence presented at trial, these comments had any prejudicial effect.  *United States v. Modica*, 663 F.2d 1173, 1181-82 (2d Cir. 1981) (stating strong proof of guilt diminishes prejudicial effect).  Regardless, any potential error was harmless because the district court cured any misunderstanding through its jury instructions.

The district court also did not abuse its discretion in choosing to exempt the government's chief FBI agent from the sequestration rule of Fed. R. Evid. 615.  "It is within a trial court's discretion to exempt the government's chief investigative agent from sequestration." *United States v. Rivera*, 971 F.2d 876, 889 (2d Cir. 1992), citing *United States v. Pellegrino*, 470 F.2d 1205, 1208 (2d Cir. 1972) ("Since the chief investigating agent may be of significant help to the prosecution during the course of a trial, the trial court has discretion to make an exception to the general rule of sequestration of witnesses."); *see also United States v. Jackson*, 60 F.3d 128, 136 n.* (2d Cir. 1995) (noting that "the exclusion of a single agent from sequestration does not generally constitute error under Rule 615").  The court properly considered, of any government agent, Agent Salter had the most institutional knowledge about the three-year investigation, and that he was a "specialist" and could therefore assist the government during trial.

Similarly, we reject Chisolm's argument that the district court's estimate of the drug quantity was clearly erroneous. In determining drug quantities, "the court has broad discretion to consider all relevant information," *United States v. Blount*, 291 F.3d 201, 215 (2d Cir. 2002), and it "is not restricted to accepting the low end of a quantity range estimated by a witness," *Id.* The Court "may rely on any information it knows about . . . including evidence that would not be admissible at trial." *United States v. McLean*, 287 F.3d 127, 133 (2d Cir. 2002) (internal quotation marks and citation omitted). Chisolm contends there was insufficient evidence to establish by a preponderance "that over 240 grams of crack" were attributable to the defendant, because the evidence only established the single sale on January 24, 2007, consisting of 62 grams of cocaine. We disagree. The district court properly relied on the testimony of two witnesses at trial who confirmed Chisolm's involvement in other sales, in order to establish by a preponderance "that over 240 grams of crack" were attributable to the defendant. This included the testimony, by a government witness, that Chisolm worked on other deals and Agent Salter's testimony that Chisolm, in his own post-arrest statements, admitted to selling "eight-balls and half eight-balls" on a weekly basis since September 2006. Accordingly, we conclude that the district court's finding of Chisolm's drug quantity was not clearly erroneous.

We have considered Chisolm's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3