**UNITED STATES of America, Appellee,**

v.

**George ARTHUR, Defendant–Appellant.**

No. 02–1734.

United States Court of Appeals, Second Circuit.

Nov. 17, 2003.

Gerald J. Dichiara, New York, NY., for Appellant.

Diane Gujarati, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New

York, on the brief; Steven Glaser and Celeste Koeleveld, Assistant United States Attorneys) New York, NY., for Appellee, of counsel.

PRESENT: CARDAMONE, LEVAL, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Defendant George Arthur appeals from a judgment of the United States District Court for the Southern District of New York (Marrero, J.), following a conviction by a jury for conspiring to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846; and distributing and possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(C). The district court sentenced Arthur to 151 months imprisonment based on its finding that he was responsible for six kilograms of heroin.

On appeal, Arthur argues that the evidence at trial concerning drug transactions among Arthur, his supplier "Patrick," and a buyer "Reuben" constructively amended the conspiracy charged in the indictment and prejudicially varied from the facts alleged therein. Specifically, Arthur contends that the indictment was limited to a single conspiracy involving drug transactions among Arthur, "Tayo" and Michael Ogundana, a confidential informant, and that the Government's evidence constituted proof of multiple conspiracies. Arthur also argues that the evidence was insufficient to support the jury's finding that the conspiracy involved a kilogram or more of heroin. Finally, Arthur contends that the district court erred in finding that, for purposes of sentencing, he was responsible for six kilograms of heroin.

■ "A constructive amendment occurs when the terms of the indictment are in effect altered by the presentation of evidence ... which so modif[ies] essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. Delano*, 55 F.3d 720, 729 (2d Cir.1995) (internal citations and quotations omitted). A variance, in contrast, "arises when the evidence adduced at trial establishes facts different from those alleged in an indictment." *See United States v. LaSpina*, 299 F.3d 165, 182–83 (2d Cir.2002) (citations and quotations omitted). While a constructive amendment is *per se* a constitutional violation, a defendant must demonstrate prejudice to prevail on a variance claim. *See United States v. Thomas*, 274 F.3d 655, 670 (2d Cir.2001).

We conclude that no constructive amendment occurred here because the evidence at trial concerning Arthur's dealings with Patrick and Reuben did not modify an element of the charged conspiracy, but was encompassed by the broad language of the indictment. *See United States v. Morgenstern*, 933 F.2d 1108, 1115 (2d Cir.1991). The indictment charged that, "[f]rom in or about May 2000 through in or about January 2001," Arthur "and others known and unknown," conspired to violate narcotics laws and "distribute and possess with intent to distribute" one kilogram or more of heroin. At trial, Emmanuel Yamoah testified that he smuggled heroin into the United States from Africa for a supplier named Patrick, that he introduced Arthur to Patrick, and that Arthur agreed to sell heroin he received from Patrick to a customer named Reuben. The Government also presented evidence establishing that, after agreeing to help sell six kilograms of Patrick's heroin, Arthur began negotiations with Ogundana, to whom he was introduced by one Tayo, and thereafter referred to his supplier as his "uncle," whom the Government theorized was Patrick. This evidence was consistent with the indictment, which charged Arthur with con-

spiring with "others known and unknown" to distribute a kilogram and more of heroin.

■ For similar reasons, Arthur's claim that the evidence at trial prejudicially varied from the conspiracy alleged in the indictment also fails. The evidence presented at trial was within the scope of the conspiracy alleged and, therefore, did not prove facts materially different from those alleged in the indictment. Even assuming that the evidence constituted a variance, Arthur cannot demonstrate prejudice because the indictment did not "mislead [Arthur] as to the acts and events that were the subject of the trial." *See United States v. Wallace*, 59 F.3d 333, 338 (2d Cir.1995). The criminal complaint referred to Arthur's claim that his "uncle" was his supplier, the indictment alleged a conspiracy with "others known and unknown" to distribute more than one kilogram of heroin, and Arthur's counsel received Yamoah's statement and interviewed Yamoah prior to trial.

■ Additionally, even if Arthur is correct and a variance occurred because the evidence constituted proof of multiple conspiracies, "the jury should convict the defendant if it finds that one of the proven conspiracies is the one alleged in the indictment and that the defendant was a member of it." *United States v. Thompson*, 76 F.3d 442, 454 (2d Cir.1996) (citations omitted). Here, assuming that the transactions among Patrick, Arthur and Reuben constituted a conspiracy distinct from that alleged in the indictment, the jury heard several tape-recorded conversations between Arthur and Ogundana during which Arthur discussed the sale of more than one kilogram of heroin supplied by his "uncle." Because the Government proved Arthur's involvement in a conspiracy to distribute more than one kilogram of heroin, no prejudicial variance occurred.

■ We reject Arthur's contention that the evidence was insufficient to support the jury's finding that the conspiracy involved a kilogram or more of heroin. We must affirm the conviction if, viewing the evidence in the light most favorable to the prosecution, and drawing all reasonable inferences, we conclude that *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Best*, 219 F.3d 192, 200 (2d Cir.2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in *Jackson*)). The jury's finding was supported by Ogundana's testimony that he discussed a three-kilogram deal with Arthur and the tape-recorded conversations in which Arthur discussed the planned multi-kilogram drug transaction.

■ Finally, Arthur contends that the district court erred in finding him responsible for three to ten kilograms of heroin for sentencing purposes. A district court's findings "as to the quantity of narcotics involved in an offense are findings of fact subject to the clearly erroneous standard of review." *See United States v. McLean*, 287 F.3d 127, 133 (2d Cir.2002) (quotation and citation omitted). A review of the record indicates that Yamoah testified that Arthur agreed to sell six kilograms of heroin Patrick was having difficulty selling. In determining the quantity of drugs involved in the offense conduct, the court was free to credit this testimony over Arthur's claims that only 750 grams were "actually distributed." Accordingly, the court's finding was not clearly erroneous.

For these reasons, the judgment of the district court is AFFIRMED.