12-1437(L)
*United States v. Velez et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand fourteen.

PRESENT:

    JOSÉ A. CABRANES,
    GERARD E. LYNCH,
    RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee,*

                  -v.-

NOEL VELEZ, KELVIN LAGARES, FELIX LAGARES,

    *Defendants-Appellants.*\*

No. 12-1437(L)
No. 12-2447(CON)
No. 13-745(CON)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**FOR DEFENDANT-APPELLANT NOEL VELEZ:**   Theodore S. Green, Green & Willstatter, White Plains, NY.

---

\* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT KELVIN LAGARES:** | Neil B. Checkman, Georgia J. Hinde, Law Office of Neil B. Checkman, New York, NY. |
| **FOR DEFENDANT-APPELLANT FELIX LAGARES:** | Andrew Freifeld, Law Office of Andrew Freifeld, New York, NY. |
| **FOR APPELLEE:** | Abigail Kurland, Benjamin Allee, Justin Weddle, Assistant United States Attorneys *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from March 29, 2012, June 18, 2012 and February 26, 2013 judgments of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 18, 2012 and February 26, 2013 judgments of the District Court as to Kelvin and Felix Lagares be **AFFIRMED.** The motion of counsel for defendant Noel Velez to be relieved as counsel pursuant to *Anders v. California,* 386 U.S. 738 (1967) is **GRANTED**; the Government's motion for summary affirmance of the May 29, 2012 judgment against Velez is **GRANTED**; and, accordingly, the May 29, 2012 judgment of the District Court is **AFFIRMED**.

Defendants-Appellants were charged as part of a conspiracy to distribute drugs in connection with an enterprise known as the "Newburgh Latin Kings." The Government moves for summary affirmance of a judgment of conviction of Noel Velez, entered after a plea of guilty, resulting in a sentence principally of imprisonment for 135 months. Velez's counsel moves, pursuant to *Anders v. California,* 386 U.S. 738 (1967),[1] to be relieved as counsel. Kelvin and Felix Lagares appeal from judgments of conviction, entered after a jury trial, resulting in sentences principally of imprisonment for 180 months and 216 months respectively. We assume familiarity with the factual and procedural history and the issues on appeal, and repeat only those details necessary to resolution of this appeal.

## BACKGROUND

Noel Velez was charged with distribution of and conspiracy to distribute or possess with intent to distribute, *inter alia*, crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He

---

[1] Under *Anders,* "court-appointed appellate counsel may move to be relieved from his or her duties if counsel is convinced, after conscientious investigation, that the appeal is frivolous." *United States v. Williams*, 475 F.3d 468, 478 (2d Cir. 2007) (quotation marks omitted).

entered a written plea agreement pursuant to which he agreed not to "file a direct appeal. . . nor seek a sentence modification . . . of any sentence within or below the Stipulated Guidelines Range of 135 to 168 months' imprisonment." He was sentenced principally to imprisonment for 135 months.

Kelvin Lagares ("Kelvin") and his older brother Felix Lagares ("Felix") were charged and convicted, after a jury trial, on two counts: (1) Count 16 charged participation in a conspiracy to distribute 280 grams or more of crack cocaine, 100 grams or more of heroin, and 5 kilograms or more of powder cocaine and marijuana, in violation of 21 U.S.C. § 846; (2) Count 30 charged use, carrying and possession of firearms, and aiding and abetting the use, carrying and possession of firearms during and in relation to the drug crimes charged in Count 16, which firearms were discharged, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

The evidence at trial showed that the Latin Kings and their associates distributed drugs in shifts on two street corners that were Latin Kings "turf." As part of this operation the Latin Kings shared drug suppliers and customers, and stored various firearms in hallways, porches and alleyways near their turf to be used by any of the gang members or their associates for protection. Undercover police officers purchased drugs from Kelvin and Felix on Latin Kings turf on more than one occasion. Several cooperating witnesses testified to the involvement of Kelvin and Felix in the Latin Kings' drug dealing operation. There was evidence at trial that both Kelvin and Felix personally possessed firearms in connection with their drug dealing, Felix on several occasions. At the time of his arrest in February 2010, Felix was in the process of becoming a member of the Latin Kings. Kelvin had not applied to be a member of the Latin Kings prior to his arrest, but was merely an "associate" permitted to deal on their turf.

Kelvin's Presentence Report ("PSR") recommended an offense level of 32 on Count 16 based, *inter alia*, on drug quantity, resulting in a sentencing range of 121-151 months with a statutory 10-year mandatory minimum, 21 U.S.C. § 841(b). On Count 30 (the firearm count) the PSR recommended the statutory 5-year mandatory minimum, 18 U.S.C. § 924(c)(1)(A)(i). Kelvin was sentenced on June 5, 2012 to consecutive terms of 120 months' incarceration on Count 16 and 60 months' incarceration on Count 30. The District Court denied Kelvin's motion challenging the sufficiency of the evidence.

Felix's PSR set the base offense level for Count 16 at 32, but recommended a 10-year mandatory minimum sentence for Count 30 on the grounds that the firearm associated with Felix had been discharged. *See* 18 U.S.C. § 924(c)(1)(A)(iii). The parties had 14 days to object to the PSR pursuant to Fed. R. Crim. P. 32(f)(1). Felix objected to the 10-year mandatory minimum sentence for Count 30, and the District Court stated that it would only consider a 5-year minimum. The Government did not timely object to the PSR. Instead, it argued in a sentencing submission filed one day before the scheduled sentencing hearing that the base offense level for Count 16 should be

36 with a sentencing range of 188-235 months. Specifically, although the jury was only asked to find that the drug quantities exceeded the statutory minimums set forth in the Indictment, the evidence at trial demonstrated that the drug quantities far exceeded these minimums. The District Court chastised the Government for its untimely objection, for which there was no good cause. Nevertheless, it decided "in the interest of justice" to "make a calculation as to drug weight that is accurate," and sentenced Felix based on the Government's recommended 2.8 kilogram calculation. At sentencing, the District Court opined that the recommended 188 months for Count 16 was too high, and imposed a sentence of 132 months. On Count 30 it imposed a consecutive sentence of 84 months, higher than the 60-month mandatory minimum, on the grounds that Felix "was involved with multiple guns in a short period of time in connection with the activities of a violent gang."

## DISCUSSION

### I. Noel Velez

Noel Velez entered a written plea agreement pursuant to which he agreed not to "file a direct appeal . . . nor seek a sentence modification . . . , of any sentence within or below the Stipulated Guidelines Range of 135 to 168 months' imprisonment." We know of no non-frivolous argument why this waiver should not be enforced.[2] Accordingly, we grant the *Anders* motion of Velez's counsel and the Government's motion for summary affirmance of the judgment against Velez.

### II. Kelvin Lagares

On appeal, Kelvin challenges the sufficiency of the evidence used to convict him on Count 30 on the grounds that "the jury very likely convicted him based on a gun possessed or used by some other member of the drug conspiracy," and that Kelvin's peripheral role as a non-member of the Latin Kings was insufficient to hold him liable for arms possessed or used by other members of the conspiracy. We review *de novo* a challenge to a jury verdict based on sufficiency of the evidence, viewing the evidence in the light most favorable to the government, and affirming if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), other quotations omitted).

The jury heard evidence that Kelvin personally possessed firearms, which were used in connection with the drug conspiracy, including a recording during which Felix discussed Kelvin's possession of an assault rifle in connection with turf wars, and testimony that the firearm with which Felix had been arrested belonged to Kelvin. This is sufficient for a rational juror to convict Kelvin

---

[2] Velez has not filed a *pro se* response to the Government's motion for summary affirmance or his counsel's *Anders* motion.

on Count 30 on a theory of direct liability. In addition, there was sufficient evidence for the jury to convict Kelvin on a theory of *Pinkerton* liability, which permits one conspirator to be convicted for foreseeable violations of § 924(c) by co-conspirators in furtherance of the conspiracy.[3] *See Pinkerton v. United States*, 328 U.S. 640 (1946); *United States v. Masotto*, 73 F.3d 1233, 1240 (2d Cir. 1996) (applying *Pinkerton* liability to violations of § 924(c)). Accordingly, we affirm the conviction of Kelvin Lagares on Count 30.

### III. Felix Lagares

On appeal, Felix challenges only the reasonableness of his sentence. First, he argues that the District Court wrongly sustained the Government's belated objections to the PSR's drug quantity calculations on Count 16 and adopted the Government's recommendation of a higher quantity, which increased Felix's sentencing range from 121-151 months to 188-235 months. We have explained that although a court has "discretion [to] deem a party to have forfeited any objection to the PSR by its failure to file a timely objection or to show good cause for a late filing, a sentencing judge is not obliged to accept all unchallenged findings and recommendations made in the PSR." *United States v. Young,* 140 F.3d 453, 457 (2d Cir. 1998) (citations omitted). Accordingly, a court may adopt belated recommendations "provided the defendant is afforded an adequate opportunity to respond to the Government's late submission and any revision of the PSR." *Id.* (citations omitted). As in *Young*, the District Court gave Felix 14 days to respond to the Government's objection, *see id.*, and heard argument from both sides about the proper drug quantity calculation. In these circumstances, we conclude that the District Court had the discretion to consider the Government's arguments after giving the defendant adequate opportunity to respond.

Felix also argues that the drug calculation arrived at by the District Court was erroneous and, therefore, the sentence imposed on Count 16 was procedurally unreasonable. A court commits procedural error when it "makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). A district court estimating drug quantity for sentencing must establish that estimate by a preponderance of the evidence, *United States v. McLean*, 287 F.3d 127, 133 (2d Cir. 2002), and we review that calculation for clear error, *United States v. Hazut*, 140 F.3d 187, 190 (2d Cir. 1998). Proceeding on the assumption that Felix was responsible for the foreseeable sales of others in the conspiracy—which is not contested on appeal—the District Court considered possible calculations of the drug quantity distributed by the conspirators on a daily basis, and chose the number proposed by the Government, 28 grams, which was "slightly below the middle" of all proposed calculations for which there was support in the record. The District Court then concluded

---

[3] Kelvin's arguments that his role in the conspiracy was too peripheral for *Pinkerton* liability to attach, and that *Pinkerton* requires actual knowledge of the possession of firearms by others, are unavailing. Assuming *arguendo* that *Pinkerton* liability requires what Kelvin suggests, there was evidence here that Kelvin's role in the conspiracy and his knowledge of the use of firearms by others in furtherance of the conspiracy were sufficient for jury to convict.

5

that Felix was "easily responsible for 100 days" of drug distribution, and arrived at the quantity of 2.8 kilograms. F. Lagares App'x 1770-76. We find no clear error in this determination.

Finally, Felix argues that the 84-month sentence imposed on Count 30, for which the statutory mandatory minimum was 60 months, was substantively unreasonable. He emphasizes that Kelvin received only 60 months for conviction of the same crime. Review for substantive unreasonableness is subject to an "abuse of discretion" standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and "provide[s] a backstop for those few cases that . . . would . . . damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). The District Court explained that it was imposing a sentence above the mandatory minimum because Felix "was involved with multiple guns in a short period of time in connection with the activities in a violent gang." F. Lagares App'x 1797. Judge Seibel earlier explained that she regarded Felix, who was in the process of becoming a member of the Latin Kings when he was arrested, as "more culpable than his brother, and [that she was] probably not going to give him the mandatory minimum." *Id.* at 1753. There was ample basis in the record for reaching these conclusions and, in the circumstances, we find no "abuse of discretion." Accordingly, we conclude that the District Court did not err in its imposition of the sentence on Felix Lagares.

## CONCLUSION

We have reviewed the arguments on appeal and, for the reasons set out above, we **GRANT** the *Anders* motion of counsel for Noel Velez and the Government's motion for summary affirmance of the May 29, 2012 judgment against Velez; and we **AFFIRM** the May 29, 2012, June 18, 2012 and February 26, 2013 judgments of the District Court as to Velez, Kelvin Lagares and Felix Lagares.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court