STRAUB, Circuit Judge,
concurring:
David Parse is entitled to a new trial. I write separately because I believe he is entitled to a new trial whether or not his attorneys knew of the juror misconduct in this case.
The circumstances presented by this appeal are extraordinary. As the majority put it, this is a case in which one of the empaneled jurors, Catherine Conrad,
aligned herself with the government, lied pervasively in voir dire for the purpose of avoiding dismissal for cause, believed prior to the presentation of any evidence that the defendants were “ ‘crooks,’ ” and expressly mentioned Parse as a target of her efforts to persuade the other jurors to convict.
Maj. Op. at 120. Where, as here, there is an uncontroverted finding by the District Court that a juror who rendered verdict was actually biased and, indeed, perjured herself in order to ensure that she was seated on the jury, a defendant cannot waive his right to a new trial. Therefore, I join in all but Part II.A of the majority’s opinion. As to that section, I concur only in the result.[1]
The right to a jury trial has been recognized by our courts as our “most priceless.” Irvin v. Dowd, 366 U.S. 717, 721-22, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). That right “guarantees to the criminally accused a fair trial by a panel of impartial, ‘indifferent’ jurors,” since “only the jury can strip a man of his liberty or his life.” Id. The seating of a biased juror who should have been dismissed for cause requires reversal. See United States v. Martinez-Salazar, 528 U.S. 304, 316-17, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000).
To be sure, a criminal defendant who fails to make a timely objection to a juror may waive his right to later challenge that juror’s impartiality. See United States v. Nelson, 277 F.3d 164, 219 (2d Cir.2002) (Straub, /., dissenting); United States v. Ragland, 375 F.2d 471, 475 (2d Cir.1967); see, e.g., United States v. Brazelton, 557 F.3d 750, 752-55 (7th Cir.2009) (finding defendant waived objection to biased juror when he expressly declined court’s invitation to challenge the juror for cause).
But waiver is not without its limits. Some rights are “so fundamental to the reliability of the factfinding process that they may never be waived without irreparably discrediting the federal courts.” United States v. Mezzanatto, 513 U.S. 196, 204, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (internal quotation marks and brackets omitted). Courts have an independent in *125 terest in ensuring the fairness and integrity of the criminal process, both with respect to each individual defendant but also so that “legal proceedings appear fair to all who observe them.” Wheat v. United States, 486 U.S. 153, 160, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) (holding that, for this reason, courts may refuse to accept defendant’s waiver of attorney’s conflict of interest).
In holding that Parse waived his right to an impartial jury, the District Court relied on applications of the waiver doctrine in McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984) and Stern v. Marshall, — U.S.-, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). McDonough involved a juror’s “mistaken, though honest” response to a voir dire question in a civil product liability action. In a footnote, the Court remarked that if the information about the juror had been known to defendants or their counsel during voir dire, they “would be barred from later challenging the composition of the jury when they had chosen not to interrogate [the] juror.” 464 U.S. at 550 n. 2, 104 S.Ct. 845. In Stem, the Court held that a litigant who repeatedly assured the bankruptcy court that “he was happy to litigate there” waived his right to challenge the bankruptcy court’s authority to decide his claim for defamation. 131 S.Ct. at 2608. These cases are readily distinguishable because they do not concern a criminal defendant’s Sixth Amendment right to trial by an impartial jury, nor was there a finding of actual juror bias.
However, the District Court rightly pointed out that the cases reflect the “disfavor of litigants who fail to act on information in their possession only to claim later that such information resulted in a violation of their rights.” United States v. Daugerdas, 867 F.Supp.2d 445, 477 (S.D.N.Y.2012). The courts that have held that a criminal defendant’s right to an impartial jury is subject to waiver have so concluded on the grounds that a contrary ■rule would permit a defendant to “gamble on a favorable verdict by remaining silent, and then complain in a post-verdict motion that the verdict was prejudicially influenced by that misconduct.” United States v. Bolinger, 837 F.2d 436, 439 (11th Cir.1988) (finding waiver without reaching merits of juror bias claim); see United States v. Dean, 647 F.2d 779, 782 (8th Cir.1981), on reh’g, 667 F.2d 729, 734 (8th Cir.1982) (en banc) (“[AJppellant, by not bringing the question of juror misconduct to the attention of the trial court before the verdict was returned, thereby waived his right to a new trial.”). The Sixth Circuit, on the other hand, has taken the view that a criminal defendant’s right to trial by an impartial jury cannot be waived, explaining that the “presence of a biased juror, like the presence of a biased judge, is a structural defect in the constitution of the trial mechanism.” Hughes v. United States, 258 F.3d 453, 463 (6th Cir.2001) (internal quotation marks omitted).
We have not yet defined the precise limits on a defendant’s ability to waive an impartial jury, but that such a limit exists is beyond dispute. See United States v. Josefik, 753 F.2d 585, 588 (7th Cir.1985) (“[I]f the parties stipulated to trial by 12 orangutans the defendant’s conviction would be invalid notwithstanding his consent, because some minimum of civilized procedure is required by community feeling regardless of what the defendant wants or is willing to accept.”). In United States v. Nelson, we found that the defendants did not validly waive their right to an impartial jury when they agreed to the empaneling of a juror in order to accede to the district court’s improper scheme to achieve a racially mixed jury. Nelson, 277 F.3d at 205-07 (noting “continued allegiance” to “powerful dicta that the right to *126 an impartial fact finder might be inherently unwaivable”). I dissented in Nelson because the record in that case indicated that the juror demonstrated only potential bias during voir dire and the defendants expressly consented to the juror’s seating. I explained that the presence of the juror on the jury, however improper, was not unwaivable error because it did not “fundamentally undermined the validity and fairness of the defendants’ trial.” Id. at 220 (Straub, J., dissenting).
But this is not a case involving potential bias, or in which a juror answered a voir dire question dishonestly out of embarrassment or shame, or merely expressed doubts about his or her ability to serve impartially. Conrad was actually biased against the defendant. As the District Court found, Conrad saw herself “not as a fact-finder, but as a partisan” for the prosecution who characterized her efforts to persuade other jurors against acquitting Parse as “ Tightfing] the good fight.’ ” Dcmgerdas, 867 F.Supp.2d at 470-71. Although Conrad denied that she was biased, the District Court found she was a “pathological liar and utterly untrustworthy” and that her statements “reflected a pre-exist-ing bias” against the defendants. Id. I am not aware of a case involving more egregious juror misconduct than that found here, a finding which is undisputed on appeal. We have never upheld a verdict rendered under these circumstances, and to do so would be to make a farce of our system of justice.
I am sensitive to concerns about the risk of “sandbagging” on the part of defense counsel, as articulated by the District Court, see Daugerdas, 867 F.Supp.2d at 476-85, and in our prior cases, see Nelson, 277 F.3d at 220 (Straub, /., dissenting). But where there has been a finding of actual juror bias, such concerns, however legitimate, must yield to the preservation of the right which is at the very foundation of our constitutional dedication to a fair criminal trial.

. I am not persuaded by the majority’s conclusion that the District Court clearly erred in finding that Parse’s attorneys knew that Conrad had lied during voir dire. See Maj. Op. at 113-18. The District Court was in the best position to assess Trzaskoma's credibility, and the record does not demonstrate that the District Court’s factual determinations were clearly erroneous. See United States v. McLean, 287 F.3d 127, 133 (2d Cir.2002) ("We give a district court's findings as to the credibility of witnesses 'strong deference.' ”). Nevertheless, because I believe Parse could not have waived his right to an impartial jury even if his attorneys knew of the juror’s misconduct, I find it unnecessary to address the issue.